No. 19,949.

CATHERINE PROCTOR, *Appellee,* v. GEORGE C. FIFE et al., *Appellants.*

SYLLABUS BY THE COURT.

DEED — *Covenant against Taxes — Mutual Mistake — Reformation of Deed.* The action was one for damages for breach of a covenant against taxes contained in a warranty deed. The defense was that the deed should be reformed, on the ground of mutual mistake, so that the covenant would speak from the date of the contract of sale and not from the date of the deed. The defense was fully established by parol evidence, which was not disputed, the contention of the plaintiff being that the evidence was not admissible and that as a matter of law the covenant spoke from the date of the deed. *Held,* that the deed should be reformed.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion filed March 11, 1916. Reversed.

*Paul H. Ditzen,* of Kansas City, for the appellants.

*J. H. Luscombe,* of Kansas City, and *John C. Stearns,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for breach of a covenant of warranty against taxes. The defense was that the deed did not express the agreement of the parties and should be reformed in a way to relieve the defendant of liability. The plaintiff prevailed and the defendant appeals.

The parties entered into a written contract to exchange properties. The contract was dated May 24, 1913, and stated

that the defendant, J. O. Fife, agreed to sell, exchange and transfer described real estate free and clear of encumbrances. Abstracts certified down to date were to be furnished, and deeds were to be exchanged within fifteen days. On May 24 the taxes sued for had not accrued. Abstracts of title certified to May 24 were furnished, but the exchange of deeds was delayed on account of defects in the title to the property offered by the plaintiff and did not take place until July 5. The deed signed by the defendant warranted against encumbrances except taxes "not now due and unassessed." The taxes sued for accrued before July 5, and if this language were referable to the date of the contract, the defendant was not liable; if referable to the date of the deed, he was liable.

At the trial the defendant undertook to show the negotations between the parties, which included an agreement by the plaintiff to assume the taxes sued for, which were, in the main, paving and curbing taxes about to mature for improvements which were completed. Objections to this evidence were properly sustained because the oral negotiations merged in the written contract and the written contract merged in the deed. The defendant asked leave to amend his answer by setting up a cause of action for reformation of the deed on the ground of mistake. Leave was granted, and further trial of the cause was postponed until the amendment could be made. When the trial was resumed the plaintiff stood on the evidence already introduced, which consisted of proof of the covenant, the existence of the taxes and their nonpayment. The defendant then proved that the plaintiff agreed to take the property as it stood on May 24 and pay the taxes which were about to accrue. There was proof that after deeds were exchanged the plaintiff fully recognized his obligation to pay the taxes and asked the defendant's agent where he could borrow some money to enable him to do so. The plaintiff stood on his objection that this evidence was not admissible because in contravention of the terms of the deed, and offered no evidence in rebuttal. Although conversations with the plaintiff were proved he did not choose to dispute or qualify them, and neither the truth nor the credibility of any of the evidence introduced in support of the amended answer is now assailed. The plaintiff still rests his case upon the proposition that the evidence received was not admissible, and upon the further proposi-

tion that the contract did not effect a sale but was merely an agreement to sell in the future, so that the deed of necessity spoke from its date.

There is good authority that the covenant in the deed should be interpreted as relating to the date of the contract and not to the date of the deed, but without this the proof is clear and undisputed that the agreement, intention and understanding of the parties were that the taxes accruing after May 24 were to be paid by the grantee. The defendant so understood the deed, and the proof is that the plaintiff so understood it. They were mutually mistaken if the covenant does, as is claimed, speak from the date of the deed, and the deed ought to be reformed to express the true contract.

When the question is one of reformation on the ground of mistake, parol evidence is admissible to show the facts. Otherwise a false contract could not be corrected to speak the truth unless all the negotiations were in writing. This rule is as well established as the rule forbidding the impeachment of written instruments by parol evidence.

The judgment of the district court is reversed and the cause is remanded with direction to reform the deed as indicated and render judgment against the plaintiff for costs.